IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WILLIS SHANE GORDON,

                          Plaintiff,

          v.                                    CASE NO. 07-3161-SAC

CITY OF HOISINGTON, KANSAS, et al.,

                          Defendants.


O R D E R

     Before the court is a civil complaint filed pro se by a
prisoner incarcerated in Kansas correctional facility.  Also before
the court is plaintiff's motion for leave to proceed in forma
pauperis under 28 U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligations,[1] the court grants plaintiff
leave to proceed in forma pauperis in the instant matter without

_____

     [1]*See* <u>Gordon v. Causey</u>, Case No. 06-3358-SAC  ($350.00 district
court filing fee); <u>Gordon v. Werholtz</u>, Case No. 07-3159-SAC ($350.00
district court filing fee); <u>Gordon v. State</u>, Case No. 07-3166-SAC
($350.00 district court filing fee); <u>Gordon v. State</u>, 10th Cir.
Appeal No. 07-3346 ($455.00 appellate filing fee).

payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff submitted a form complaint for filing under 42 U.S.C. § 1983, but also alleges the violation of various federal statutes including the Racketeer Influenced and Corrupt Organizations Act (RICO),[2] the Hobbs Act,[3] 42 U.S.C. § 1988, and the "State Family Protection Act."[4]  Plaintiff's allegations center on the November 2005 removal of plaintiff's children from their home by the Hoisington police based on concerns of abuse or neglect, and the January 2006 medical exam of his daughter.  The defendants named in the complaint include various governmental entities, two state district court judges, various attorneys, two police officers, two state prosecutors, and a state SRS worker.  The three broad claims identified by plaintiff in the complaint are "Due Process and Equal Protection," "Unlawful Search and Seizure," and "Ineffective Assistance of Counsel," for which plaintiff seeks damages for the

---

[2]18 U.S.C. § 1961 *et seq.*

[3] 18 U.S.C. § 1951.

[4]Presumably the Kansas Personal and Family Protection Act, K.S.A. 2006 Supp. 75-7c01 *et seq.*.

alleged violation of his federal rights during the state child in need of care proceeding.[5]

Having reviewed plaintiff's array of pleadings, the court finds this action is subject to being summarily dismissed for the following reasons.

First and foremost, the Rooker-Feldman doctrine precludes a losing party in a state court action from filing suit in federal court to set aside the state court judgment, see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and prohibits cases brought by litigants complaining of injuries caused by the state court judgments rendered against them and inviting federal judicial review of those judgments, Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). Accordingly, this court has no subject matter jurisdiction to consider plaintiff's allegations of error in the state court proceeding plaintiff is challenging. See e.g., T.W. by Enk v. Trophy, 124 F.3d 893 (7th Cir. 1997)(action claiming defendants conspired to unlawfully remove children from their foster parents was an attack on the state judgment and barred by Rooker-Feldman principles). See also, Cory v. Fahlstrom, 143 Fed.Appx. 84, 2005 WL 1526135 (10th Cir. 2005)(federal court had no subject matter jurisdiction to consider plaintiff's RICO claims of byzantine conspiracy between state court judge and a party opposing plaintiff in a state probate proceeding).

---

[5]The court previously remanded plaintiff's attempt to remove this state court case to the federal courts. See Gordon v. State of Kansas, Case No. 07-3166-SAC (remanded November 2, 2007), appeal dismissed (10th Cir. December 7, 2007).

Accordingly, the court directs plaintiff to show cause why this action should not be summarily dismissed without prejudice for lack of subject matter jurisdiction.

Even if this court's subject matter jurisdiction could be established, however, the complaint would be subject to being summarily dismissed because: plaintiff's claims for damages against the state court judges are barred by judicial and prosecutorial immunity notwithstanding plaintiff's allegation of treason by the state court judge;[6] his claims for damages against the State of Kansas, any state agency, and any state worker in their official capacity are barred by the Eleventh Amendment;[7] and his claims for damages against attorneys state no cognizable federal claim.[8] Moreover, plaintiff presents no factual or legal basis for asserting

---

[6]*See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judicial immunity); Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), *cert. denied*, 513 U.S. 832 (1994)(same).

[7]The Eleventh Amendment grants states sovereign immunity from suits brought in federal court by its own citizens. Blatchford v. Native Village of Noatak and Circle Village, 501 U.S. 775, 779-80 (1991). *See also* Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989)("neither a State nor its officials acting in their official capacities are 'persons' under 42 U.S.C. 1983").

[8]It is recognized that court appointed attorneys serve the interest of their client and do not act "under color of state law" within the meaning of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). See also Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983)(attorneys engaged in the private practice of law are not acting under color of  state law).

any claim for relief under RICO,[9] the Hobbs Act,[10] the Kansas
Personal and Family Protection Act,[11] or 42 U.S.C. § 1988.[12]

To the extent plaintiff attempts in later pleadings to assert
additional and newly arising claims regarding the conditions of his
confinement, the court directs plaintiff to do so by filing a form
complaint under 42 U.S.C. § 1983 to raise such claims.  Plaintiff's
motion to incorporate pleadings filed in his state court proceeding,
and motion to amend the complaint to add additional defendants
regarding his allegations of error in that state court proceeding
are denied.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to
proceed in forma pauperis (Doc. 2) is granted, with payment of the
$350.00 district court filing fee to proceed as authorized by 28
U.S.C. § 1915(b)(2) after plaintiff's prior fee obligations have

---

[9]Plaintiff's allegations do not describe or identify a RICO
enterprise, or any injury to his business or property as a result of
actions taken by a criminal enterprise. *See* Peterson v. Shanks, 149
F.3d 1140 1145 (10th Cir. 1998)(stating necessary elements of RICO
claim).

[10]There is no implied private right of action under the Hobbs
Act, a federal statute that makes extortion affecting interstate
commerce a federal crime.  *See* Wisdom v. First Midwest Bank, of
Poplar Bluff, 167 F.3d 402 (8th Cir. 1999).

[11]*See* PACKING HEAT: THE PERSONAL AND FAMILY PROTECTION ACT,
Feighny, M,  76-APR J. Kan. B.A. 21, *21 (2007)(discussing Kansas
legislation authorizing the concealed carry of firearms).

[12]42 U.S.C. § 1988 does not create a separate cause of action,
but instead provides for an award of attorneys' fees to a prevailing
party in actions brought under specified federal statutes.  *See
e.g.,* Estes v. Tuscaloosa County, Ala., 696 F.2d 898, 901 (11th Cir.
1983)("Section 1988 authorizes attorney's fees as part of a remedy
for violations of civil rights statutes; it does not create an
independent right of action.").

been satisfied.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that plaintiff's motions for the court to order state court records (Doc.3), for appointment of counsel (Docs. 4, 11, and 12), and to amend the complaint to name additional defendants (Doc. 5), are denied without prejudice.

The clerk's office is to forward a copy of this order to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 7th day of February 2008 at Topeka, Kansas.

        s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge